**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02643-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

BROOKDALE SENIOR LIVING COMMUNITIES, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

1.    This Stipulated Protective Order ("Protective Order") shall apply to all information, documents, materials, and electronically-stored information and other materials disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed, produced, or exchanged pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the practice standards of the judicial officer presiding over this case (collectively the "Information").

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that implicates common law or statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets and commercial or financial information that are either privileged or confidential; and (c) medical, financial, and tax records of Bernadine I. Adams, Defendant's employees, and any other witness in this case. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed, *except that* such information may be disclosed to:

      (a)     attorneys actively working on this case;

      (b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c)     the parties and the designated representatives for the Parties;

      (d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

      (e)     the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent that such disclosure is necessary for preparation, trial, or other proceedings in this cases; and

(h) other persons by written agreement of the Parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

6. The producing Party may designate Information as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice on every page containing CONFIDENTIAL information: "CONFIDENTIAL."

7. Before any Information is designated "CONFIDENTIAL," counsel of record for the designating Party must first review the Information and make a determination, in good faith, that it is confidential or otherwise entitled to protection pursuant to this Protective Order and under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) calendar days after notice by the court reporter of the completion of the transcript. The designating Party shall direct the court reporter to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed Information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to follow the procedures within the Scheduling Order in effect at the time of the deposition governing discovery disputes and to file an appropriate motion within thirty (30) calendar days after the notice is received, requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

10. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

11. This Protective Order shall not prohibit the use of CONFIDENTIAL information in depositions, pleadings, motions, at trial, or in post-trial motions or proceedings, provided that the uses are related to the prosecution or defense of this case. If a Party files with the Court any Information that has been marked "CONFIDENTIAL," the Party agrees to file such CONFIDENTIAL information as a restricted document pursuant to D.C.COLO.LCivR 7.2(e). In the event a restricted document has been filed with the Court, the Party that designated the restricted document as CONFIDENTIAL information shall bear the right and obligation to file a motion to under D.C. COLO.LCivR 7.2(c) to restrict access to all or a portion of the CONFIDENTIAL information.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 3rd day of June, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

/s/ *D. Andrew Winston*  /s/ *Erin A. Webber*

Senior Trial Attorney                     Littler Mendelson, P.C.
Equal Employment Opportunity Commission   1900 Sixteenth Street, Suite 800
Denver Field Office                       Denver, CO 80202
303 E. 17th Avenue, Suite 410             Telephone: 303.629.6200
Denver, CO 80203                          E-Mail: ewebber@littler.com
Telephone: 303.866.1361
E-Mail: andrew.winston@eeoc.gov           Attorneys for Defendant

Attorney for Plaintiff