IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02643-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

BROOKDALE SENIOR LIVING COMMUNITIES, INC.,

      Defendant.

---

## (PROPOSED) CONSENT DECREE

---

## I. RECITALS

**1.** This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Brookdale Senior Living Communities, Inc. ("Brookdale" or "Defendant") refused to provide reasonable accommodation of Bernadine Adams' medical condition – fibromyalgia – in violation of the Americans With Disabilities Act of 1990, as amended ("ADA"), and discharged Ms. Adams in retaliation for requesting reasonable accommodations and/or for filing an EEOC charge, also in violation of the ADA.

**2.** The Parties to this Decree are the EEOC and Brookdale.

**3.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

7.      **Term:**  The duration of this Decree shall be two years from the date of signing by the Court.

8.      **Scope:** Unless otherwise indicated, the terms of this Decree shall apply to Brookdale's Mountain View community, located at 8101 East Mississippi Avenue, Denver, Colorado 80247, and to district-level management responsible for Brookdale's Mountain View community.

## IV. ISSUES RESOLVED

9.      This Decree constitutes a complete resolution of all the claims alleged by the EEOC in the above-captioned lawsuit.

10.     The EEOC agrees that it will not use the following Charges of Discrimination filed by Ms. Adams as a jurisdictional basis for further litigation, except as permitted herein for violations of this Decree: EEOC Charge Numbers 541-2012-01205 and 541-2012-01561.

11.     It is understood that this Decree does not constitute an admission by Brookdale of any violation of the ADA, and Brookdale denies the allegations made by the EEOC and maintains

that it did not engage in any unlawful actions based on disability or any other protected category, and it did not retaliate against any Brookdale employee, including Ms. Adams.  Brookdale and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

### V.    MONETARY RELIEF

12.    Brookdale will not condition the receipt of individual relief upon Ms. Adams' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to re-apply for a position at any of Brookdale's communities.

13.    To resolve these claims, Brookdale shall pay a total of One Hundred Twelve Thousand Five Hundred Dollars and No Cents ($112,500.00) to Bernadine Adams, allocated as follows:

> Fifty Six Thousand Two Hundred and Fifty Dollars and No Cents ($56,250.00) as back pay; and

> Fifty Six Thousand Two Hundred and Fifty Dollars and No Cents ($56,250.00) as compensatory damages.

14.    The back pay payment shall be reported on IRS Form W-2. Brookdale shall be responsible for paying its share of payroll taxes for back pay and, in accordance with either a newly submitted W-4 or the W-4 on file with Brookdale, withholding applicable payroll taxes owed by Ms. Adams. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings. Ms. Adams shall be responsible for any tax liability resulting from compensatory damages payments.

15.     The payment checks shall be sent by some verified delivery system (*e.g.*, via certified mail, return receipt requested, or Federal Express) to Ms. Adams within twenty (20) business days after the Court's entry of this Decree, and to the address provided by the EEOC.

16.     Within three (3) business days after the payments are sent to Ms. Adams, Brookdale shall submit to the EEOC copies of the checks issued.

## VI.     OTHER INDIVIDUAL RELIEF

17.     Brookdale shall remove from Ms. Adams' personnel files (a) any and all references to the allegations of discrimination filed against Brookdale that formed the basis of this action; and (b) any and all references to Ms. Adams' participation in this action.

18.     Brookdale shall ensure that all of Brookdale's records reflect that Ms. Adams voluntarily resigned from her employment and is eligible for rehire. Further, Brookdale will provide a letter of reference in the form attached as Attachment A.  Ms. Adams may refer prospective employers to Brookdale's outside vendor, uConfirm, at www.uconfirm.com to verify her dates of employment and last position held.  Neither Brookdale nor uConfirm will make any reference to this Decree or the matters arising under or relating to the above-referenced lawsuit.

## VII.  EQUITABLE RELIEF

### A.     *Injunctive Relief*

19.     Brookdale, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, will not engage in any employment practice which discriminates on the basis of disability.

20.     Brookdale, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, will not engage in reprisal or retaliation of any kind

against any person because of such person's opposition to any practice made unlawful under the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

**B.    *Equal Employment Opportunity Policy Review***

21.    Within sixty (60) calendar days of the entry of this Decree, Brookdale shall review its existing equal employment opportunity policies in Brookdale's handbook to ensure that said policies conform with the law and revise, if necessary.   To the extent that revisions to the handbook are made, said revisions will be distributed company-wide.

22.    The written equal employment opportunity policies must include at a minimum:

**22.1.**   A strong and clear commitment to preventing unlawful disability discrimination and retaliation;

**22.2.**   A clear and complete definition of disparate treatment based on disability and retaliation;

**22.3.**   A statement that discrimination based on disability or retaliation is prohibited and will not be tolerated;

**22.4.**   A written policy that addresses how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment;

**22.5.**   As to all supervisors and managers who in any way participate in the hiring process and/or who in any way have responsibilities for accepting or processing requests for reasonable accommodation, a written policy setting forth the role of each such supervisor and manager under the hiring process and/or under the process for considering reasonable accommodations of employees;

**22.6.**   Written guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant or employee;

**22.7.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**22.8.**   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination or retaliation;

**22.9.**   A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**22.10.**  An assurance that Brookdale will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**22.11.**  An assurance that appropriate corrective action will be taken by Brookdale to make victims whole and to eradicate the unlawful conduct within its workforce;

**22.12.**  A description of the consequences, up to and including discharge, that will be imposed upon violators of Brookdale's anti-discrimination and/or anti-retaliation policies;

**22.13.**  A promise of maximum feasible confidentiality for persons who report unlawful discrimination and/or retaliation, or who participate in an investigation into allegations of discrimination and/or retaliation; and

**22.14.** An assurance of non-retaliation for persons who report unlawful discrimination and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination and/or retaliation.

23.     Within thirty (30) calendar days after completion of the policy review required under this Decree, the written equal employment opportunity policies shall be posted in a prominent location frequented by employees at Brookdale Mountain View in Colorado. The written equal employment opportunity policies shall be distributed to all new Brookdale Mountain View employees in Colorado when hired.

## C.     *Training*

24.     At least annually, Brookdale shall provide equal employment opportunity training for all its employees at the Mountain View community, as well as district-level managers and Human Resources managers responsible for the Mountain View community. Under this provision, employees will be trained at a minimum in the following areas: (a) Brookdale's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination; (c) the penalties of engaging in discriminatory behavior; (d) Brookdale's non-retaliation policy; and (d) Brookdale's procedures for handling accommodation requests. All training under this Paragraph shall be at Brookdale's selection and expense. Unless otherwise specified, training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing. The training will be conducted by Marti Downey, or a qualified outside consultant with experience in the area of employment discrimination law and approved by the EEOC, as follows:

24.1.   **Non-managerial Employees:** Brookdale will provide non-managerial employees at least one (1) hour of annual training. Attendance will be mandatory for every employee on the days of such training. The annual training will be devoted to reasonable accommodation, disability discrimination, and retaliation.  Moreover, new employees must be provided with at least one (1) hour of equal employment opportunity training within thirty (30) calendar days of hire.

24.2.   **Managerial and Supervisory Employees**:  Brookdale will require all individuals who work in a supervisory or managerial capacity, including but not limited to all Directors and anyone with hiring, disciplinary, and/or discharging authority, to receive at least two (2) hours of training annually regarding the ADA. The training must directly address reasonable accommodation, disability discrimination, and retaliation. Brookdale shall emphasize with supervisory and managerial employees that due to their position of power, such employees: (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Brookdale will require employees who are newly hired or recently promoted into a supervisory or managerial position to complete the requisite above-described managerial training within thirty (30) calendar days of being hired or promoted.

24.3.   **Human Resource Employees:**  Brookdale will require all individuals who work in a human resource capacity to receive at least two (2) hours of training annually

regarding the ADA.   The training must directly address reasonable accommodation, disability discrimination, and retaliation. Additionally, Brookdale will require employees who are newly hired or promoted into a human resource position to complete the above-described human resources training within thirty (30) calendar days of being hired or promoted into a human resource position.

**24.4.   Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination and/or retaliation shall be provided one (1) additional hour of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law. .

**25.**   Brookdale agrees that the first such training session for each employee group identified above, will take place within ninety (90) calendar days after the Court's entry of this Decree. Brookdale agrees that all of its personnel at the Mountain View community and all district-level managers and human resources managers responsible for the Mountain View community shall both register and attend the training sessions.

*D.*   *Notice Posting*

**26.**   Within five (5) business days after the Court's entry of this Decree, Brookdale shall post in its Mountain View community, in a conspicuous place frequented by employees, the Notice attached as Attachment B to this Decree. The Notice shall be the same type, style, and size as set forth in Attachment B. The Notice shall remain posted for the duration of this Decree. If the

Notice becomes defaced or illegible, Brookdale will replace it with a clean copy. Brookdale shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

**E.     *Equal Employment Opportunity Compliance as a Component of Management Evaluation***

27.     Brookdale shall evaluate its managers on their compliance with the Company's policies and procedures, including but not limited to, its policies on equal employment opportunity.

## VIII. Record Keeping and Reporting Provisions

28.     For the duration of this Decree, Brookdale shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

    **28.1.**   Personnel files;

    **28.2.**   Payroll records;

    **28.3.**   Work schedules;

    **28.4.**   Complaints of discrimination and/or retaliation and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

    **28.5.**   Requests for accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided.

29.     Brookdale shall provide semi-annual reports for each six (6)-month period following the entry of this Decree. The reports shall be due thirty (30) calendar days following the end of each respective six (6)-month period, except the final report which shall be submitted to the

Commission eight (8) weeks prior to the date on which the Decree is to expire. Brookdale may make such reports to the EEOC via electronic mail.

30. **Reporting Requirements:** Each report shall provide the following information:

    30.1. **Reports of Discrimination or Retaliation:** Brookdale shall report in writing about any complaints of disability discrimination or retaliation. Such report shall include: a description of the nature of the complaint; the name, address, email address, and phone number of the complaining employee; a description of any investigation undertaken by Brookdale; and a description of any corrective action taken by Brookdale. Brookdale shall also provide a copy of any written complaint made by the complaining employee. If additional information is needed by the Commission, a Commission representative can contact Associate General Counsel of Labor and Employment, Marti Downey, or her replacement.

    30.2. **Training**

        30.2.1. For each training program required under this Decree and conducted during the reporting period, Brookdale shall submit a registry of attendance and/or certificate of completion.

        30.2.2. For each training program conducted under this Decree, Brookdale will identify the individual performing the training. In the event the training program is conducted online, Brookdale will instead identify the title of the training program.

    30.3. **Posting of Notice:** Brookdale shall recertify to the Commission that the Notice required to be posted under this Decree has remained posted during the reporting period,

or, if removed, was promptly replaced.

**30.4.   Policy Review**: Brookdale shall report on the status of the equal employment opportunity policy review process required under this Decree, and will certify that policies have been distributed as required by this Decree.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**31.**   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**32.**   There is no private right of action to enforce Brookdale's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**33.**   The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Brookdale has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**34.**   Absent extension, this Decree shall expire by its own terms two years from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**35.**   With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

36.    Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

37.    Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

> Supervisory Trial Attorney
> EEOC Denver Field Office
> 303 E. 17th Avenue, Suite 410
> Denver, CO  80203

> Erin Webber, Esq.
> Kalisha Chorba, Esq.
> Littler Mendelson, P.C.
> 1900 16th St., Suite 800
> Denver, CO 80202

## XIII. SIGNATURES

38.    The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _14th_ day of _August_, 2015.

BY THE COURT:

United States Magistrate Judge
**Kathleen M. Tafoya**
**United States Magistrate Judge**

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____  Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

Date: _7/16/15_

BROOKDALE SENIOR LIVING
COMMUNITIES, INC.

By: _____
Maralee Downey
Associate General Counsel, Labor & Employment

Date: _7/16/15_

APPROVED AS TO FORM:

D. Andrew Winston
Senior Trial Attorney
EEOC - Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Attorneys for Plaintiff EEOC

Erin A. Webber, Esq.
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202

Attorneys for Defendant

## ATTACHMENT A

### LETTER OF REFERENCE

### [ON COMPANY LETTERHEAD]

To Whom It May Concern:

Bernadine Adams was employed at Brookdale Mountain View from October 9, 2009 until March 28, 2012.  The last position held by Ms. Adams was that of Health and Wellness Director with an annual salary of $54,080.00.  Ms. Adams was a valued member of our staff, and she is eligible for rehire. We wish her well going forward on her career path.

Very truly yours,

Maralee "Marti" Downey
Associate General Counsel – Labor & Employment

**ATTACHMENT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Brookdale Senior Living Communities, Inc.* filed in the United States District Court for the District of Colorado, Civil Action No. 14-cv-02643-KMT.

Brookdale Senior Living Communities, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Brookdale seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Americans With Disabilities Act of 1990, as amended (ADA), it is unlawful for an employer to discriminate based upon the disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Brookdale respects the right of its employees and applicants for employment to work in an environment free from discrimination and retaliation. Accordingly, Brookdale reaffirms its commitment to complying with the ADA, in that it is our policy to prohibit all discrimination based on disability and/or retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic information has the right to contact the EEOC directly at 1-800-669-4000 and Brookdale's Integrity Line at 1-888-302-3303. In compliance with federal law, no official at Brookdale will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

Brookdale Senior Living Communities, Inc.

By:_____     _____
                                         Date

Firmwide:134775304.1 051918.1116